WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travelers Indemnity Company of America, a foreign corporation; and Travelers Indemnity Company,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas W. Isom, a single individual; and Mary J. Isom, a single individual,<br><br>Defendants. | No. CV-13-00647-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion for Summary Judgment (Doc. 23) and Motion for Summary Disposition on Motion for Summary Judgment as to Defendant Mary Isom (Doc. 27). For the following reasons, Plaintiffs' Motion for Summary Judgment is granted.

## BACKGROUND

This case arises from a lawsuit and a liability insurance policy. The lawsuit was brought in Pinal County Superior Court by A.H, Defendant Mary Isom's minor granddaughter, against Defendants and Ryan Isom. Defendants were formerly husband and wife and Ryan Isom is Thomas Isom's son and was Mary Isom's stepson. (Doc. 1 ¶ 21.) A.H claims that on "multiple occasions dating back many years and continuing through 2010," Ryan Isom sexually assaulted her while she was at the Isom residence and/or being supervised by Mary and/or Thomas Isom. (*Id.* ¶¶ 22–23.) In the lawsuit, A.H alleged claims of assault, battery, and intentional infliction of emotional distress against Ryan Isom. (*Id.* ¶¶ 24–25.) She also alleged a claim of negligence against Mary

and Thomas Isom. (*Id.*)

Plaintiff Travelers Indemnity Company of America ("Travelers") issued a Farm/Ranch Policy (the "Farm Policy") to Mary and Thomas Isom for the policy period November 15, 2012 to November, 15, 2013. (*Id.* ¶ 8.) Travelers had previously issued Farm/Ranch policies to Mary and Thomas Isom beginning November 15, 2007. (*Id.* ¶ 9.) Travelers also issued Excess Liability Insurance Policies to Mary and Thomas Isom for these time periods (the "Excess Policy"). (*Id.* ¶ 11.) The Named Insureds on all of these Travelers' policies were Mary and Thomas Isom, a partnership; William Isom; Clifton Isom; Isom Family Trust; and the Revocable Trust of Thomas W. Isom. (*Id.* ¶ 12.)

The Farm Policy provides liability coverage for claims made against the Insureds for "bodily injury" or "property damage" caused by an occurrence during the coverage period, subject to various exclusions. (*Id.* ¶ 14.) Some of these exclusions include that coverage does not extend to "Expected or Intended Injury," defined in the policy as "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the 'insured'. . . ." (*Id.* ¶ 16.) The coverage also excludes "Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse," defined as "'[b]odily injury' or 'property damage' arising out of sexual molestation, corporal punishment or physical or mental abuse." (*Id.* ¶ 18.)

On December 6, 2012, Mary and Thomas Isom gave Travelers notice of a claim arising from the lawsuit brought against them by A.H (the "Claim"). (*Id.* ¶ 20.) Travelers states that it has been providing Mary and Thomas Isom a defense in the lawsuit pursuant to the Claim and subject to a full reservation of its rights under the Farm Policy and at law. (*Id.* ¶ 32.)

Plaintiffs now bring the present action in this Court, seeking a declaratory judgment that there is no coverage for Defendants' Claim under either the Farm Policy or Excess Policy and that Plaintiffs are entitled to attorneys' fees and costs. (Doc. 1.) Plaintiffs now move for summary judgment against both Defendants, alleging that the Farm Policy's and Excess Policy's terms bar coverage for the Claim. (Doc. 23.)

1  Defendant Thomas Isom timely responded to the Motion (Docs. 25, 26), but Defendant
2  Mary Isom failed to do so. In response, Plaintiffs moved for Summary Disposition on
3  their Motion for Summary Judgment as to Mary Isom. (Doc. 27.) Mary Isom then
4  responded to both that Motion and the original Motion for Summary Judgment, stating
5  that she joins in the Response filed earlier by Thomas Isom. (Docs. 28, 29.) The Court
6  will address each of Plaintiffs' Motions in turn.

**DISCUSSION**

**I.     Motion for Summary Judgment**

    **A.     Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250). Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and

all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 15859 (1970)). Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

**B.     Application**

**1.     Exclusion for Claims Arising from Sexual Molestation**

No party contests that Arizona law applies to this case. Interpretation of an insurance policy is a question of law. *See, e.g.*, *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998). Arizona law directs courts to construe an insurance contract "according to [its] plain and ordinary meaning." *Keggi v. Northbrook Property and Cas. Ins. Co.*, 199 Ariz. 43, 46, 13 P.3d 785 (Ct. App. 2000); *see Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 469, 224 P.3d 960, 966 (Ct. App. 2010). "If a clause may be susceptible to different constructions . . . [the Court] will first attempt to discern the meaning of the clause by examining the purpose of the exclusion in question, the public policy considerations involved and the transaction as a whole." *Keggi*, 199 Ariz. at 46, 13 P.3d 785 (internal quotations omitted).

As noted above, the Farm Policy excludes coverage from "'[b]odily injury' or 'property damage' arising out of sexual molestation, corporal punishment or physical or mental abuse." (Doc. 24, PSOF ¶ 11.) Here, A.H's claims against Ryan Isom arise from alleged sexual molestation. Travelers argues that while Mary and Thomas Isom are not themselves being accused of sexual molestation or abuse by A.H., the negligence claim against them arises from that alleged abuse and is thus also excluded.

As a general matter, Arizona law is clear that negligence claims deriving from an excluded activity are themselves typically excluded. *See, e.g.*, *Am. Family Mut. Ins. Co. v. White*, 204 Ariz. 500, 508, 65 P.3d 449, 457 (Ct. App. 2003) (denying coverage for

- 4 -

1  claim of negligent supervision against parents of child who engaged in excluded
2  activity—violation of criminal law—because the negligent supervision claim "derives
3  from the claim against Travis, which is excluded"); *Behrens v. Aetna Life & Cas.*, 153
4  Ariz. 301, 302, 736 P.2d 385, 386 (Ct. App. 1987) (a claim for negligent entrustment or
5  supervision was inseparable from the excluded negligent operation of a boat);
6  *Lumbermens Mut. Cas. Co. v. Kosies*, 124 Ariz. 136, 138, 602 P.2d 517, 519 (Ct. App.
7  1979) ("It is evident that negligent entrustment as a distinct and specific cause of action is
8  not exclusive of, but rather is derived from, the more general concept of ownership,
9  operation and use of a motor vehicle."). In other words, the "focus of an exclusion should
10 be the injury, not the pleaded cause of action." *White*, 204 Ariz. at 508, 65 P.3d at 457
11 (citing *Nw. G.F. Mut. Ins. Co. v. Norgard*, 518 N.W.2d 179, 184 (N.D.1994)). When the
12 allegations raised against the party seeking coverage do not exist separate and apart from
13 the excluded action, there is no coverage. *See Colony Ins. Co. v. Events Plus, Inc.*, 585 F.
14 Supp. 2d 1148, 1155 (D. Ariz. 2008).

That is the case here. Defendants do not suggest that A.H.'s negligence claim against them arises from anything but the alleged sexual assaults by Ryan Isom. Because the Farm Policy excludes coverage for those occurrences, it also excludes coverage for negligence claims arising directly from those occurrences. Indeed, the policy language itself excludes not just claims alleging sexual molestation, but "any claim arising from" such allegations. The exclusion therefore bars coverage of Defendants' Claim.

### 2. Doctrine of Reasonable Expectations

Defendants argue that application of the exclusion to this case would violate their reasonable expectations. The doctrine of reasonable expectations can bar enforcement of a term in a standardized insurance contract in a limited set of circumstances. *Gordinier v. Aetna Cas. & Sur. Co.*, 154 Ariz. 266, 272, 742 P.2d 277, 283 (1987). First, the doctrine may apply "[w]here the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights." *Id.* Here, Defendants do not allege that the relevant contract terms are ambiguous.

1  Second, the doctrine may apply "[w]here the insured did not receive full and adequate
2  notice of the term in question, and the provision is either unusual or unexpected, or one
3  that emasculates apparent coverage." *Id.* at 372. Thomas Isom suggests that the exclusion
4  is "buried nearly 100 pages into the Policy," but does not dispute the accuracy of the
5  copy of the Farm Policy provided by Plaintiffs, which lists the exclusion on page 7 of the
6  Farm Liability Coverage Form. (Doc. 24-2 at 94.) Further, that coverage form, like the
7  Farm Policy's other coverage forms, begins by noting that "[v]arious provisions in this
8  policy restrict coverage. Read the entire policy carefully to determine rights, duties and
9  what is and is not covered." (*Id.* at 88.) Defendants also do not suggest that the exclusion
10 is either unusual or unexpected.

11 Finally, reasonable expectations may apply when some activity that is reasonably
12 attributable to the insurer "would create an objective impression of coverage in the mind
13 of a reasonable insured" or "has induced a particular insured reasonably to believe that he
14 has coverage, although such coverage is expressly and unambiguously denied by the
15 policy." *Id.* at 373. Here, Thomas Isom alleges that Carol Hooper at Ag Management
16 Services, who he asserts is Plaintiffs' agent, told him that he had purchased
17 "comprehensive liability" coverage, but Defendant does not explain how this created an
18 expectation that the Farm Policy contained no exclusions.  Accordingly, the doctrine of
19 reasonable expectations does not bar coverage.

20 **II.     Motion for Summary Disposition**

21 As Defendant Mary Isom failed to timely file a response to Plaintiffs' Motion,
22 Plaintiffs ask for summary disposition regarding their Motion for Summary Judgment as
23 to Mary Isom. (Doc. 27.) However, as Mary Isom has now joined Thomas Isom's
24 response to the Motion for Summary Judgment and the Court's reasoning for granting
25 that Motion applies to both Defendants, the Court denies Plaintiffs' Motion for Summary
26 Disposition as moot.
27 / / /
28 / / /

- 6 -

**CONCLUSION**

The plain language of the Farm Policy excludes coverage for Defendants' Claim. Further, application of this plain language is not barred by Arizona law. Thus, Plaintiffs are entitled to summary judgment.

Therefore,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Disposition on Motion for Summary Judgment as to Defendant Mary Isom (Doc. 27) is denied as moot.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 20th day of March, 2014.

/G. Murray Snow
United States District Judge

- 7 -